IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50509
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS SANTOS-DE LA ROSA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-00-CR-489-1
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jesus Santos-De La Rosa appeals the 96-month term of
imprisonment imposed following his guilty plea conviction of
being found in the United States after removal in violation of
8 U.S.C. § 1326. Santos-De La Rosa complains that his sentence
was improperly enhanced pursuant to 8 U.S.C. § 1326(b)(2) based
on his prior removal following an aggravated felony conviction.
Santos-De La Rosa argues that the sentencing provision violates
the Due Process Clause because it permitted the sentencing judge
to find, under a preponderance of the evidence standard, a fact

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

which increased the statutory maximum sentence to which he otherwise would have been exposed.  Santos-De La Rosa thus contends that his sentence is invalid and argues that it should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).  Santos-De La Rosa acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  Santos-De La Rosa's argument is foreclosed.  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.